STOOPS, Plaintiff in Error, *vs.* DEVLIN, Defendant in Error.

1. When a person rents a tenement for one year, and after its expiration, remains in possession, the presumption is, that he has rented it for another year, and not that he is a trespasser.
2. In such case, a tenant holding under him will not be permitted to dispute his title.

*Error to St. Louis Circuit Court.*

This was an action originally instituted before Justice Spalding, for use and occupation of certain premises by George Stoops, rented to Charles Devlin, from the 6th November, 1844, to the 6th of September, 1846, twenty-two

months, at $4 per month, making $88.    There are other
items in the account, but these were abandoned by the plaintiff,
and the sole question tried was, whether rent was due.

The suit was instituted on the 14th of September, 1847, be-
fore Justice Spalding, and judgment being in favor of the
plaintiff, the defendant appealed to the St. Louis Circuit Court,
and judgment being again rendered against him, he moved for
a new trial, and the court sustaining the motion, a new trial
was granted, and on this second trial in the Circuit Court,
judgment was rendered in favor of defendant.

The record shows several motions to have been made by both
parties, but these are all waived and the errors assigned are
for the proceedings on the last trial, and the refusal of the
court to sustain the motion of the plaintiff for a new trial.
The evidence in the case shows, that Stoops rented to Devlin
the premises at the northwest corner of Third and Almond
streets, in St. Louis, at $4 per month, and that this was a
reasonable charge for rent.    That Devlin occupied the premi-
ses, during the period for which rent was claimed, viz., from
November, 1844, to September, 1846; that Stoops, himself,
was a tenant of Basse and Youce, under a letting from one
Joseph Wherry, the agent of Basse and Youce.

The defendant insists that the property belonged to the heirs
of Basse and Youce, of whom, first, J. Wherry, and after his
death, Wm. M. Campbell, was the agent.    That the property
was leased by Wherry to George Stoops in 1842, for a year,
as he never would rent it for a longer time, and that Stoops
had continued in possession ever since, and that the rent was
worth $9 or $10 per month, hence $4 per month for a joint
occupation was not too much.    Devlin and Stoops occupied the
premises conjointly.    That at the November term, 1848, two
years subsequent to the last day for which rent was sued for,
a suit of partition was commenced among the heirs of Basse
and Youce, and on the 19th (10th) of June, 1848, the property
was sold by the sheriff, and Messrs. Campbell and Wells be-
came the purchasers.    Mr. Wells, one of the witnesses, says

that after the purchase, Stoops would not attorn to them, but did not know if he had rented of the heirs of Basse and Youce ; did not know whether he had paid any ground rent, but was confidently of the opinion that he had not. The defendant then read in evidence the record of the suit of partition.

Plaintiff objected to all the testimony given respecting title, but his objection in every instance being overruled, he then offered in evidence an agreement, the signature to which he had proven by Mr. Wells.

The court gave instructions, throwing the whole *onus probandi* of the right of possession upon the plaintiff. A verdict was rendered for the defendant, and plaintiff moved for a new trial, for reasons set forth in the motion, and the court overruling the same, plaintiff excepted and brought the case to this court by writ of error.

*A. P. & P. B. Garesché*, for plaintiff in error.

The defendant having entered into possession under plaintiff, is estopped from denying the plaintiff's title.

If a tenant rent for one year and continue in possession afterwards, his tenancy is from year to year, and his entry being proved to be lawful, it will be presumed to be lawful so long as it continues, until proof be shown otherwise.

The court erred in admitting the record of partition ; first, because to impeach the landlord's title was illegal ; second, if to prove that the plaintiff's title had expired, it was irrelevant, because long subsequent to the period to which rent was claimed of the defendant.

If the court did not err in admitting the record of partition, it did err in rejecting, as evidence, the agreement of the plaintiff with Campbell and Wells ; because this agreement, first, recognized plaintiff's legality of possession ; second, showed a settlement for all rent up to date when Stoops abandoned the possession, and consequently establishes his right to recover from his sub-tenant rent up to that date.

*H. N. Hart*, for defendant in error, contended that the evidence shows that Devlin is liable to the heirs of Youce and

Basse for use and occupation, and that Stoops is a mere trespasser, and as such, not entitled to recover.

RYLAND, Judge, delivered the opinion of the court.

From the foregoing statement it will be seen, that the principles and rules governing suits between landlord and tenant must be invoked in the decision of this case.

Stoops, it seems, rented a lot of ground belonging to Basse and Youce, in the city of St. Louis, from one Wherry, the agent of the owners, for one year; that this renting was in 1842; that Stoops continued to occupy the same lot, and in November, 1844, he rented a part of the same lot to Charles Devlin, at $4 per month, and that Devlin occupied the same until September, 1846, about 22 months.

It was shown that the lot was worth between $9 and $10 per month, making a joint occupancy reasonably worth $4 per month. In 1848 proceedings were commenced by the owners to have partition of the lot between them. It being incapable of division, was sold, and was purchased by Messrs. Wm. M. Campbell and Joseph B. Wells. This was two years after the period for which Devlin is charged rent.

1. The defence consists, on the part of Devlin, in showing, that as Wherry, in 1842, only rented the lot to Stoops for one year, that Stoops' term had expired, and he was holding over and was a trespasser.

The presumption is, that Stoops was a renter from year to year; that after the expiration of the first year, he had continued in possession as a renter for another year.

2. The defendant rented of Stoops, and continued to use and occupy the premises conjointly with Stoops for nearly 22 months. As the presumption is in favor of Stoops being lawfully in the possession and occupancy, the defendant had no right to question his title to demand the rent, which, by agreement, he was to pay to Stoops. He cannot escape the liability to Stoops, by questioning his title.

The instructions, therefore, of the court, which placed upon Stoops the burden of showing his title, were improper. His

possession and occupancy might raise the presumption of a continuance of the original terms, from year to year.

The record and proceedings of the suit in partition had nothing to do with the matter in controversy between these parties. These took place two years after the expiration of the time for which Stoops charges Devlin with the rent of the lot.

This testimony should have been excluded. But, after admitting this evidence, no reason is perceived why the agreement between Stoops and Campbell, one of the purchasers of the lot, about the rent and former occupancy, should have been excluded. The court erred in admitting the record and proceedings of the partition suit. After having admitted that evidence, it was wrong not to admit the agreement between Campbell and Stoops.

The attempt, on the part of the defendant, to dispute the grounds of the plaintiff's right to recover, as set forth in the foregoing statement, was illegal and improper. The court failed to give proper instructions asked by the plaintiff ; and the instruction throwing the *onus* of proof of title upon him, was also wrong.

The facts of this case do not present one in which the tenant is permitted to dispute his landlord's right to rent.

The judgment of the court below is erroneous ; and the other Judges concurring, the judgment is reversed, and this cause is remanded, with directions to set aside the verdict, grant a new trial, and proceed in the case in accordance with this opinion.